# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>HIGHLAND PARTNERSHIP, INC., et al.<br>　　　　　　　　　　Defendants. | Case No. 10cv2503 BTM(POR)<br><br>**ORDER STRIKING NOTICE OF REMOVAL** |

On January 7, 2011, Defendants filed a "Notice of Removal of Action to United States Bankruptcy Court for the Southern District of California" [Doc. No. 11]. For the reasons discussed below, the Notice of Removal is **STRICKEN**.

28 U.S.C. § 1452(a), which governs the removal of cases related to bankruptcy proceedings, states:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

The Central District of California and Northern District of California have held that § 1452 does not allow for the removal of a district court lawsuit to a bankruptcy court in the same district. See Mitchell v. Fukuoka Daiei Hawks Baseball Club, 206 B.R. 204 (Bankr.

C.D. Cal. 1997); Del Campo v. American Corrective Counseling Serv., 2009 WL 656282 (N.D. Cal. March 12, 2009). The Court agrees with the Central and Northern Districts. Section 1452 allows for the removal of actions to district court (which refers the cases to the bankruptcy court); § 1452 does not allow for the removal of actions directly to bankruptcy court. Thomas Steel Corp. v. Bethlehem Rebar Indus., Inc., 101 B.R. 16, 19 (Bankr. N.D. Ill. 1989). Because § 1452 applies to remove non-excluded cases to the district court, it has no applicability if the case is already in the district court. See Mitchell, 206 B.R. at 211.

Moreover, interpreting § 1452(a) to allow litigants to choose whether to remove a case from district court to bankruptcy court (presumably even when the reference has been withdrawn) would undermine the district court's complete referral power over bankruptcy matters. Thomas Steel, 101 B.R. at 20. "[I]f 'district court' is interpreted to mean 'bankruptcy court' for purposes of Section 1452(a), Section 1452(b) would result in the bankruptcy court ('the court to which such claim or cause of action is removed') having unreviewable discretion to remand a claim or cause of action to the district court or not to remand." Id.

The Court concludes that there is no statutory authority for Defendants to remove this case to bankruptcy court. Accordingly, the Notice of Removal filed by Defendants has no effect and shall be **STRICKEN**. See Doyle v. Mellon Bank, N.A., 307 B.R. 462 (E.D. Pa. 2004) (striking notice of removal from district court to bankruptcy court). The proper procedure would be for a party to file a noticed motion for the district court to "refer" the case to the bankruptcy court. See Mitchell, 206 B.R at 210.

**IT IS SO ORDERED.**

DATED: January 13, 2011

Honorable Barry Ted Moskowitz
United States District Judge