1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

10  TRAVELERS CASUALTY AND           )   Case No.10cv2503 AJB (DHB)
    SURETY COMPANY OF AMERICA,      )
11                                   )   ORDER DENYING TRAVELER'S
                        Plaintiff,   )   MOTION FOR A BENCH TRIAL
12  v.                               )
                                     )   (Doc. No. 125)
13  HIGHLAND PARTNERSHIP, INC., et   )
    al.,                             )
14                                   )
                        Defendants.  )
15  _____ )

16        There are two related causes of action currently pending before the Court, both of

17  which are set for trial beginning the week of April 15, 2013.  (Doc. No. 124.)  The first

18  cause of action concerns breach of an Indemnity Agreement entered into by and between

19  Plaintiff Travelers Casualty and Surety Company of America ("Travelers" or "Plaintiff")

20  and Defendants Highland Partnership, Inc. ("Highland Partnership"), Bay Boulevard,

21  LLC ("Bay Boulevard"), Highland Home Builders, Inc. ("Highland Home Builders"),

22  Highland Productions I, LLC ("Highland Productions"), Ian Murray Gill, Gail Stoorza

23  Gill, John David Gardner, Carolyn Marie Gardner, and the Gill Family Trust

24  (collectively, "Defendants").[1]  The second cause of action concerns breach of a

25

26        [1] On November 26, 2012, the Court granted in part and denied in part Travelers'
    motion for summary judgment.  (Doc. No. 111.)  Accordingly, the only issue left to be
27  litigated by and between Travelers and Defendants is what portion of the $2,153,676 in
    attorneys' fees, costs, and expenses (spent in litigating/defending claims against the
28  bonds) was reasonable and thus recoverable from Defendants.  (*Id.*)

1                                                    10cv2503 AJB (DHB)

subcontract entered into by and between San Diego Steel Holdings Group, Inc. ("San Diego Steel" or "Third-Party Defendant") and Highland Partnership ("Highland Partnership" or Third-Party Plaintiff') (the "Third-Party Claim"). (Doc. No. 124.)

Although there is no dispute that the Third-Party Claim will be tried before a jury, Travelers and Defendants disagree as to whether the reasonableness of Travelers' attorneys' fees, costs, and expenses—the only claim left to be tried between Travelers and Defendants—should be determined by a jury or by the Court. (Doc. No. 123 at 1.) After insufficient briefing on this very issue, (Doc. Nos. 125, 126), the Court ordered supplemental briefing, (Doc. No. 127). Specifically, the Court requested Travelers and Defendants to address whether the jury trial waiver was knowingly, voluntary, and intelligent, and therefore enforceable under federal law.[2] (Doc. No. 127.) Travelers filed its supplemental brief on February 22, 2012, (Doc. No. 129), and Defendants responded on March 1, 2012, (Doc. No. 130).

## BACKGROUND

In April 2006, Defendants Ian Murray Gill, John David Gardner, Gail Stoorza-Gill, and Carolyn Marie Gardner executed a General Agreement of Indemnity (the "Indemnity Agreement" or "Agreement"). (Doc. No. 22, Ex. A.) The Indemnity Agreement was signed by each of the above named signatories in their individual capacity, and in some instances, also on behalf of an entity or a trust. (*Id.*) Specifically, Ian Murray Gill signed the Agreement in his individual capacity, as President of Highland Partnership, as Managing Member of Bay Boulevard, and as Trustee of the Gill Family Trust, (Doc. No. 22, Ex. A at 3-4); John David Gardner signed the Agreement in his individual capacity, as Secretary of Highland Partnership, and as Managing Member of Bay Boulevard, (*Id.* at 4); Gail Stoorza-Gill signed the Agreement in her individual capacity and as Trustee of

---

[2]   The Court previously determined that the enforceability of the jury trial waiver was governed by federal law rather than state law because the instant action is proceeding in a federal forum. *See Simler v. Conner*, 372 U.S. 221, 221-22 (1963) (finding that the right to a jury trial in federal court is usually governed by federal law). Neither Travelers nor Defendants contest the Court's choice of law determination. (Doc. No. 129 at 2:2-4; Doc. No. 130 at 3:4-7.)

1  the Gill Family Trust, (*Id.* at 3-4); and Carolyn Marie Gardner signed the Agreement in

2  her individual capacity, (*Id.* at 4).

3       In August 2007, Highland Productions and Highland Home Builders each signed

4  separate Indemnitor Riders (the "Rider"), thereby agreeing to the terms and conditions of

5  the Indemnity Agreement.  (Doc. No. 22, Ex. B at 2, 4.)  Ian Murray Gill was the

6  signatory on the Highland Production Rider and the Highland Home Builders Rider as

7  the President of both entities; and John David Gardner was the signatory on the Highland

8  Production Rider and the Highland Home Builders Rider as the Secretary of both entities.

9  (*Id.* at 3, 5.)  Ian Murray Gill, John David Gardner, Gail Stoorza-Gill, and Carolyn Marie

10  Gardner also signed the Riders, either in their individual and/or their representative

11  capacities.  (*Id.* at 2-5.)

12       The Indemnity Agreement, which was signed by all Defendants, contains the

13  following jury trial waiver: "**Jury Waiver**: Indemnitors hereby waive and covenant that

14  they will not assert any right to trial by jury in respect to any legal proceeding arising out

15  of this Agreement."  (Doc. No. 22, Ex. A at 3.) (emphasis in original).  Travelers now

16  moves to enforce this provision, contending Defendants waived their right to a jury trial.

17  (Doc. Nos. 125, 129.)  Defendants oppose the motion, arguing that Travelers has not met

18  its burden to show that the jury trial waiver was knowing, voluntary, and intelligent, and

19  thus enforceable under federal law.[3]  (Doc. Nos. 126, 130.)

20                      **LEGAL STANDARD**

21       The Seventh Amendment right to a jury trial in federal court is governed by federal

22  law.  *Simler v. Conner*, 372 U.S. 221, 221–22 (1963); *see also Leasing Serv. Corp. v.*

23  *Crane*, 804 F.2d 828, 832 (4th Cir. 1986)  Under federal law, there is a strong

24  _____

25      [3] Defendants also contend that Travelers' motion for a bench trial should have been
denied as of February 14, 2013, and that supplemental briefing potentially violates their

26  due process rights.  (Doc. No. 130 at 2.)  The Court finds this argument without merit for
two reasons.  First, the argument is moot because the Court is denying Travelers' motion;

27  and second, because issues should be resolved on their merits whenever possible, and
requesting supplemental briefing on the enforceability of the jury trial waiver was

28  necessary to the Court's determination of the issue, it is difficult to see how supplemental
briefing is inconsistent with due process.

10cv2503 AJB (DHB)

1  presumption against the waiver of this fundamental right.  *United States v. Cal. Mobile*

2  *Home Park Mgmt. Co.*, 107 F.3d 1374, 1378 (9th Cir. 1997) (holding that courts "must

3  indulge every reasonable presumption against the waiver of the jury trial").  A jury trial

4  waiver, however, is enforceable when it is made knowingly, voluntarily, and intelligently.

5  *See Phoenix Leasing. v. Sure Broad.*, 843 F. Supp. 1379, 1384 (D. Nev. 1994) (citing

6  *Standard Wire & Cable Co. v. AmeriTrust Corp.*, 697 F. Supp. 368, 375 (C.D. Cal.

7  1988)); *see also Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d

8  Cir. 2007); *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 756 (6th Cir. 1985); *Leasing

9  Serv.*, 804 F.2d at 832; *Okura & Co. v. Careau Group*, 783 F. Supp. 482, 488 (C.D. Cal.

10  1991).  The factors consistently used by federal courts to determine whether a waiver was

11  knowing, voluntary, and intelligent include: (1) whether there was a gross disparity in

12  bargaining power between the parties; (2) the business or professional experience of the

13  party opposing the waiver; (3) whether the opposing party had an opportunity to

14  negotiate contract terms; and (4) whether the clause containing the waiver was

15  inconspicuous.  *See Phoenix Leasing*, 843 F. Supp. at 1384 (quoting *Hydramar, Inc. v.

16  Gen. Dynamics Corp.*, 1989 WL 159267, at *3 (E.D. Pa. Dec. 29, 1989)); *see also

17  Leasing Serv.*, 804 F.2d at 833 (applying these same factors).

18         There is a split among the circuits regarding which party has the burden of proving

19  these factors.  *Compare Irving Trust*, 757 F.2d at 758 (placing the burden on the party

20  opposing the waiver) *with Leasing Serv.*, 804 F.2d at 832–33 (placing the burden on the

21  party seeking to enforce the waiver).  Nonetheless, because placing the burden of proof

22  on the party seeking to enforce the waiver is most in keeping with the strong presumption

23  against waiver of this fundamental Seventh Amendment right, the Court finds Travelers

24  bears the burden to show that the jury trial waiver included within the Indemnity

25  Agreement was knowing, voluntary, and intelligent.

26                                   ***DISCUSSION***

27         Travelers' motion for a bench trial is predicated on the jury trial waiver contained

28

1   within the Indemnity Agreement.[4]  (Doc. No. 22, Ex. A.)  However, after examining the

2   jury trial waiver in light of the *Phoenix Leasing* factors articulated above—specifically

3   whether there was a gross disparity in bargaining power between the parties and the

4   business and professional experience of each Defendant— the Court finds Travelers fails

5   to meet the knowing, voluntary, and intelligent standard as to each Defendant.  *See* 843 F.

6   Supp. at 1384.

7          Specifically, the Court finds Travelers' complete lack of analysis regarding Gail

8   Stoorza-Gill and Carolyn Marie Gardner, nonetheless any mention of either of these two

9   Defendants, fatal to the instant motion.  Although it is without question that Defendants

10  Highland Partnership, Bay Boulevard, Highland Home Builders, Highland Productions,

11  Ian Murray Gill, and John David Gardner are each sophisticated individuals or entities

12  who possess both the professional and business skill necessary to bargain and/or

13  negotiate for favorable contract terms, the Court cannot, nor will it, speculate as to the

14  level of professional, business, or bargaining skills of Gail Stoorza-Gill and Carolyn

15  Marie Gardner.  This is Travelers burden.  *Leasing Serv.*, 804 F.2d at 833 (4th Cir. 1986)

16  ("Where waiver is claimed under a contract executed before litigation is contemplated,

17  we agree with those courts that have held that the party seeking enforcement of the

18  waiver must prove that consent was both voluntary and informed.")

19         Thus, because Travelers failed to provide any evidence as to the relative bargaining

20  power between it, and Gail Stoorza-Gill and/or Carolyn Marie Gardner, *see MZ Ventures*

21  *LLC v. Mitsubishi Motor Sales of Am., Inc*., 1999 WL 33597219, at *16 (C.D. Cal. Aug.

22  31, 1999) (observing that defendant's failure to present evidence that plaintiff had equal

23  bargaining power weighed in favor of denying the motion to strike jury demand), nor did

24  Travelers submit any evidence as to the level of sophistication of Gail Stoorza-Gill and

25

26         _____

27         [4]  The Court agrees with Defendants that proving the reasonableness of Travelers' attorneys' fees, costs, and expenses incurred in connection with pursuing the bond claims is a prima facie element of recovery against Defendants.  (Doc. No. 130 at 1:2-8.)  Such amounts are an element of damages and thus warrant a jury trial when requested.  *See Hynix Semiconductor Inc. v. Rambus, Inc*., 527 F. Supp. 2d 1084, 1087 (N.D. Cal. 2007)

Carolyn Marie Gardner, *see Sullivan v. Ajax Navigation Corp.*, 881 F. Supp. 906, 911 (S.D.N.Y. 1995) (noting that a lack of business acumen weighs against waiver), the Court finds, as it must, the jury trial waiver contained within the Indemnity Agreement unenforceable.[5]  *See* 843 F. Supp. at 1384; *See, e.g.*, *In re Christou*, 448 B.R. 859 (Bankr. N.D. Ga. 2011) (finding that the close relationship between an individual defendant, who had waived his right to a jury trial, and a corporate defendant, who had not waived its right to a jury trial, was not a sufficient reason to deny the corporate defendant the constitutional right to a jury trial).

### ***CONCLUSION***

Therefore, for the reasons set forth above, Travelers' motion for a bench trial is hereby DENIED.  Accordingly, the reasonableness of Travelers' attorneys' fees, costs, and expenses will be determined by a jury at the same time the jury considers the Third-Party Claim between Highland Partnership and San Diego Steel. The Parties are instructed to refer to the Court's Jury Trial Preparation and Scheduling Order in advance of trial.  (Doc. No. 123.)

IT IS SO ORDERED.


DATED:  March 8, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge

---

[5] Travelers does present evidence that the jury trial waiver was conspicuous.  (Doc. No. 129 at 5-6.)  For example, the waiver is set off in its own paragraph, includes a heading labeled "Jury Waiver," and contains clear and unambiguous language. (*Id*.)  However, this factor alone, and in light of the first two factors that clearly weigh against enforceability of the waiver, cannot save Travelers' motion.  *See Sullivan*, 881 F. Supp. at 911 (holding that a "defendant cannot overcome the presumption against a waiver" simply "by referring to the placement and font size of the waiver clause"); *see also MZ Ventures*, 1999 WL 33597219, at *17 (denying motion to strike jury demand even though there was evidence that the waiver was conspicuous).  The same can be said for the third factor—the opportunity to negotiate the terms of the Agreement—as it is unclear whether Travelers or Gail Stoorza-Gill and/or Carolyn Marie Gardner presented the "Personal Residence Exclusion."  (Doc. No. 130 at 4:4-13.)  Regardless, the Court finds Travelers complete lack of analysis with regard to these two Defendants dispositive.